111 F.3d 134
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Lynda WILLIAMS, Plaintiff-Appellant,
v.
ALLSTATE INSURANCE CO., Defendant-Appellee.
 No. 96-2882.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 1, 1997.*
Decided April 9, 1997.
 
 Before POSNER, Chief Judge, and KANNE and DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 Lynda Williams and her sister, while fighting at another sister's house, damaged a certain amount of personal property. After paying the homeowner according to the terms of an insurance policy it had issued, Allstate Insurance Company brought suit against Williams to recover the amount of its expenditure. Williams contended that her sister had inflated the amount of property damage, but the Wisconsin state court ruled against Williams and entered judgment for $2,458.38 in favor of Allstate. Williams' appeals were denied by both the Wisconsin Court of Appeals and the Wisconsin Supreme Court. Williams then filed suit against Allstate in federal district court, alleging that she was denied due process and equal protection by the Wisconsin state court's refusal to accept a police report she proffered to show that little property had been damaged during the fight and that Allstate acted unconstitutionally by failing to follow its rules regarding claims investigations. Williams appeals the district court's judgment in favor of Allstate.
 
 
 2
 Magistrate Judge Gorence, presiding by consent of the parties, correctly held that this suit is barred by the Rooker-Feldman doctrine. Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). "At its core, the doctrine is a recognition of the principle that the inferior federal courts generally do not have the power to exercise appellate review over state court decisions." Kamilewicz v. Bank of Boston Corp., 92 F.3d 506, 509 (7th Cir.1996), petition for cert. filed, 65 U.S.L.W. 3531 (U.S. Jan. 24, 1997) (No. 96-1184). "As a result, litigants who feel a state proceeding has violated their constitutional rights must appeal that decision through their state courts and thence to the Supreme Court." Young v. Murphy, 90 F.3d 1225, 1230 (7th Cir.1996). Indeed, it "is settled that 'a plaintiff may not seek a reversal of a state court judgment simply by casting his complaint in the form of a civil rights action,' " Ritter v. Ross, 992 F.2d 750, 754 (7th Cir.1993) (citation omitted).
 
 
 3
 It is apparent from Williams's appellate brief that in fact her goal is to appeal her state court judgment to the lower federal courts. Not only do her arguments concentrate on why the state judgment is incorrect and unconstitutional, but she explicitly requests this court to reverse the judgment of the Wisconsin state courts. This the Rooker-Feldman doctrine forbids us to do.
 
 
 4
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, the appellant's request for oral argument is denied and the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)